James T. Massey, Gordon F. Esplin, Salt Lake City, Utah, for plaintiffs.

Ramon M. Child, U. S. Atty., Steven W. Snarr, Asst. U. S. Atty., Salt Lake City, Utah, for federal defendants.

Keith Sorensen, Salt Lake City, Utah, for Franklin Richards.

**Lillian M. GERTSCH et al., Plaintiffs,**

v.

**Carla HILL, Individually and in her capacity as Secretary of Housing and Urban Development, et al., Defendants.**

No. C 75–513.

United States District Court,
D. Utah,
Central Division.

March 5, 1976.

ORDER GRANTING PLAINTIFFS' AND DEFENDANT RICHÁRDS' MOTIONS AND DENYING FEDERAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ALDON J. ANDERSON, District Judge.

The plaintiffs in the above-entitled case have filed a motion requesting a preliminary injunction and the federal defendants and the individual defendant Richards have each filed a motion requesting partial summary judgment on the operating subsidy issue. All of the parties have filed extensive materials supporting their respective positions. The matter came before the court for oral arguments on the summary judgment issues on February 9, 1976. The

court has carefully considered all of the arguments and filed materials and considers itself to be well advised.

In a stipulation approved by all of the parties on February 13, 1976, and signed by the court on February 17, 1976, it was agreed that the matter would be argued on summary judgment solely on the question of operating subsidies. It was further agreed that, upon making the determination of law, the court could issue appropriate relief under the plaintiffs' preliminary injunction request. The stipulation, at page 4, listed the contested questions of law which the court must now decide:

A. Whether defendants were required by 12 U.S.C. § 1715z–1(f) and (g) to establish by February 18, 1975, an "Initial operating expense level" for the Village Apartments North.

B. Whether defendant Hill is required by 12 U.S.C. § 1715z–1(f) and (g) to provide operating subsidies to defendant Richards in an amount equal to the increase in the operating expense level of the Village Apartments North attributable to increases in property taxes and utility costs as provided in the statute.

C. Whether defendant Richards is required to apply to HUD for the operating subsidy as set out in subparagraph B, *supra.*

The federal defendants have argued that the court does not have jurisdiction to hear this case. The court has considered those arguments and finds them to be without merit. It appears that the plaintiffs have properly plead jurisdiction and the federal defendants have not demonstrated that jurisdiction does not exist. *See Ross v. Community Services, Inc.,* 396 F.Supp. 278 (D.Md.1975).

This controversy relates to the "operating subsidy" provisions of the 1974 amendments to the National Housing Act. Those amendments authorize the Secretary of Housing and Urban Development [HUD] to make additional assistance payments to owners of section 236 projects to cover project cost increases due to increases in utility costs and local property taxes. Vil-

lage Apartments North, operated by the individual defendant Richards, is a section 236 project. HUD recently approved rent increases, to be paid by the tenants, to cover increased operating costs at the Village Apartments North. The 1974 amendments provide that the defendant Secretary is to "establish an initial operating expense level" for such projects. 12 U.S.C.A. § 1715z–1(f)(3) (Supp.1976). The amendments further require that the initial operating expense level "shall be established by the Secretary not later than 180 days after August 22, 1974." 12 U.S.C.A. § 1715z–1(g) (Supp.1976). The amendments also establish a reserve fund of excess rentals to be used by the defendant Secretary to make additional operating subsidy payments. 12 U.S.C.A. § 1715z–1(f) (Supp.1976). The act also provides, with limitations, for the appropriation of funds to carry out the provisions of the amendments. 12 U.S.C.A. § 1715z–1(i)(Supp.1976). Finally, the amendments state that the "Secretary is authorized to make, and contract to make, additional assistance payments to the project owner" under the operating subsidy program. 12 U.S.C.A. § 1715z–1(f)(3) (Supp.1976).

The plaintiffs and the individual defendant contend that the above provisions place mandatory duties on the Secretary. It appears from the arguments that Village Apartments North technically qualify for the operating subsidy but that the defendant Secretary has determined that interest reduction payments under the old low income housing program and the "deep subsidy" provisions of the 1974 amendments take priority. *See* 12 U.S.C.A. § 1715z–1(f)(2)(Supp.1976). The Secretary contends that Congress vested discretion in her to determine whether to implement the operating subsidy program and that she properly exercised that discretion by refusing to implement the program. In their arguments, all of the parties trace the legislative history of the 1974 amendments and reach differing conclusions concerning the intent of Congress. The plaintiffs contend that funds are available to implement the

program while the federal defendants argue that Congress has not appropriated any funds specifically for the operating subsidy program and that the reserve fund is inadequate to fund the program.

The court is convinced that the primary purpose of the 1974 amendments is to aid section 236 low income housing projects. The funds are to go directly to the project owner but the real purpose of the legislation is to aid the low income tenants. If the rental payments from tenants in existing projects are allowed to increase too much, many tenants may be forced to leave and the success of the individual project may be jeopardized. It is incumbent upon the Secretary to respond to the Congressional emphasis on fulfilling the purpose of existing projects as well as applying her limited funds to new low income housing. A reasonable construction of the statutes requires that when the government makes a commitment to a project, that project should receive its proper priority. In short, the Secretary would be expected to act in a manner which will enable each properly managed low income housing project to fulfill the purposes Congress had in mind.

The federal defendants place great reliance on the fact that the amendments state that the Secretary is "authorized" to make contracts for operating subsidy payments rather than stating the mandatory phrase "shall" make contracts. It is clear that the wording of the act gives some discretion to the Secretary. It seems certain to the court, however, that the Secretary cannot refuse to exercise her discretion at all by completely refusing to implement the operating subsidy program. Although this court is not bound by the decisions of other federal district courts, it is impressed by the fact that, when faced with this issue, all of the courts cited have rejected the federal defendants' arguments. *E. g., Ross v. Community Services, Inc., supra.*

The 1974 amendments direct that the Secretary "shall" establish an initial operating expense level for section 236 projects by February 18, 1975. No such initial operating expense level has been established for the Village Apartments North. The Secretary should be required to immediately establish such an expense level.

The National Housing Act does not seem to directly answer the question of whether the owner of a section 236 project must apply for an operating subsidy, and it does not appear that HUD has provided a vehicle for such applications. It would be logical, however, to require the project owner to apply for the benefits. As such, the individual defendant Richards should use a reasonable method and apply for those benefits.

It is the court's opinion that, after the defendant Richards applies for the operating subsidy, HUD has a legal duty to act upon the application. The amendments do give the defendant Secretary some discretion in her administration of the operating subsidy program. But the Secretary, nonetheless, has the duty to the extent of available funds to implement the program. The order of the court should simply be that the Secretary accept the defendant Richards' application for benefits, consider it in good faith, and act upon the request as quickly as possible, providing the relief to which plaintiffs and defendant Richards are entitled.

Relief will be awarded pursuant to the stipulation signed by counsel on February 13, 1976. Discovery concerning the remaining issues may continue and an initial pretrial conference, to establish a timetable for the remaining matters, will be scheduled at the request of the parties.

IT IS HEREBY ORDERED that the federal defendants' motion for summary judgment is denied. The defendant Richards' motion for partial summary judgment and plaintiffs' motion for injunctive relief are granted as herein specified.

IT IS FURTHER ORDERED that the federal defendants immediately establish an initial operating expense level for the Village Apartments North, using February 18, 1975, as the base date.

IT IS FURTHER ORDERED that the individual defendant Richards is required, in a reasonable manner, to apply to HUD

requesting benefits under the operating subsidy program.

IT IS FURTHER ORDERED that the federal defendants act upon the application filed by the defendant Richards in good faith and as quickly as possible. Upon determining that the statutory requirements for the operating subsidy program have been met, the Secretary is directed to make payments from available funds to the defendant Richards, as project owner, to offset the increases in local utility costs and taxes. Such payments are to be computed according to the formula contained in 12 U.S.C.A. § 1715z–1(f)(3) (Supp.1976).